Crandall v. Smith.

---

CRANDALL *et al.* v. SMITH, *Appellant.*

In Banc, June 15, 1896.

134   633
164   373

Riparian Owner: ACCRETION: SLOUGH. A riparian owner, whose boundary along a slough forty to sixty yards wide is identical with the boundary established by the government survey can not claim, as accretion, land formed beyond the slough which was at the time of the government survey a main channel of the Missouri river, and through which at certain seasons, water runs sufficiently deep for purposes of navigation.

Crandall v. Smith.

*Appeal from Cole Circuit Court.*—Hon. D. W. Shackle-ford, Judge.

REVERSED AND REMANDED.

The following are the plats and surveys referred to in the opinion:

EXHIBIT F.

Township 45 north, range 12 west, of the fifth principal meridian, south of Missouri.

Var. 8° 30, East.   Aggregate area of Island No. 44, 68.01 acres. Scale of 40 chains to an inch.   A copy of this plat was sent to the Register on the 9th of August, 1843.

RECORDED.

EXHIBIT D.

CRANDALL LAND—Plat of fractional sections num-
bers 16, 21, and 22 as surveyed by me, and accretions
to said sections, surveyed April 10, 1891.   In township

45 north, range 12 west, fifth principal meridian.   B. C. Bond, surveyor of Cole county, Missouri.

Total accretions to the parts of sections here represented is 336 82-105 acres.

*Silver & Brown* for appellant.

(1)   The court erred in not sustaining defendant's demurrer to plaintiff's evidence; also, in not sustaining the demurrer asked by defendant to the whole evidence.   The evidence showed conclusively that the land sued for was not an accretion to the mainland, and that it is a part of government surveyed island number 45, to which defendant has the title.   Either

of the above propositions being true, plaintiffs can not recover.   *Cooley v. Golden*, 117 Mo. 33; *Rees v. Mc-Daniel*, 115 Mo. 145; *Naylor v. Cox*, 114 Mo. 232; *Buse v. Russell*, 86 Mo. 209; *Benson v. Morrow*, 61 Mo. 347; *Railroad v. Stock Yards*, 120 Mo. 541.   (2)   The land sued for being in the bed of the river, plaintiffs have no title—it being well settled in this state that the riparian proprietor on a navigable stream only owns to the water's edge.   *Railroad v. Stock Yards*, 120 Mo. 541, and authorities.   (3)   The slough is the dividing line between the mainland and the island; even if it were completely filled up, the point of contact between the accretions to the mainland and the slough would be the dividing line.   *Buse v. Russell*, 86 Mo. 209. Where an island washes away in whole or in part, and reforms on the same bed, the original owner retains the title thereto.   *Buse v. Russell, supra.*

*Pope & Waldecker* and *J. R. Edwards* for respondents.

The evidence all shows that the land in dispute was made land, and the question before the court, and the only question, was whether the accretion belonged to plaintiff or to an island that once existed in the river. The court tried the case on this theory, and tried it correctly, and its verdict is conclusive.   *Crandall v. Allen*, 118 Mo. 403; *Naylor v. Cox*, 114 Mo. 232, and authorities cited.   There was abundant evidence to authorize the court to make the finding it did, and this court will affirm the judgment; the law having been correctly declared, there being no exceptions or objections to any evidence, unless the court refused to give some declaration of law to which defendant was entitled.   *Naylor v. Cox*, 114 Mo. 233.   Sloughs and swales are not regarded in law as water courses.   *Jones*

*v. Railroad*, 18 Mo. App. 251; *McCormick v. Railroad*, 57 Mo. 433; *Railroad v. Schneider*, 30 Mo. App. 620; *Abbott v. Railroad*, 83 Mo. 271. Ordinary flow of surface water does not constitute a water course. *Benson v. Railroad*, 78 Mo. 504. The court declared the law in appellant's favor as fully as he was entitled to.

GANTT, J.—This is an action of ejectment for certain lands in Cole county, Missouri, described by metes and bounds. Plaintiffs claim the same as accretions to the north half of section 21 and fractional section 16, in township 45, range 12. A reference to the accompanying surveys and plats will serve to indicate the particular land which plaintiffs seek to recover. Exhibit "D" is a survey by Mr. Bond, surveyor of Cole county, April 10, 1891. Sloughs B and C were the old main channel of the Missouri river. Slough A connects the present channel of the river with slough C, slough A being the result of accretions above it which forced the slough channel (now slough A) down to its present position as it appears in the exhibit "D," leaving slough B as a mere depression. Sloughs A and C vary in width from forty to sixty yards and have water running through them at certain seasons of the year sufficiently deep for navigation purposes. It appears that these sloughs have always been located as indicated on the plat and are still so located except that slough "A" has been forced down the river by accretions above it but continues to be the connecting channel between the river and slough "C."

Plaintiffs claim in their petition all the land east of slough "B" and above the middle line of section 21, and, also, seventy and forty-one hundredths acres above or west of slough "A," as indicated in exhibit "D."

Defendant, in his answer, disclaims all title or

possession of this seventy and forty-one hundredths acres west of slough "A;" admits he is in possession of the land east of or below slough "A;" avers that the same is an accretion to United States surveyed island number 45 and denies generally that plaintiffs are entitled to possession.

The cause was tried to the court without a jury and a finding and judgment rendered for plaintiffs.

It will be at once seen that plaintiffs claim this land as an accretion to their lands in fractional section 16 and the north half of section 21, whereas defendant claims, *first*, that the land described in the petition except the seventy and forty-one hundredths acres is not an accretion at all; that it is separated from plaintiffs' lands by a well defined slough or arm of the river; and, *second*, that it is really an accretion to surveyed island number 45, to which defendant has title.

The several surveys show beyond all dispute that the United States government, about the year 1816 or 1817, surveyed and marked upon its plats of public lands island number 45. That island lay in the Missouri river opposite section 21, township 45, range 12, west, and the north end of it was north of the line dividing the north and south halves of section 21. The island contained eighty-three and twenty-two hundredths acres. All the surveys in evidence and all the oral testimony on both sides establish that between this island and the mainland in section 21 one channel of the Missouri river ran.

In the course of years and the shifting of the currents of the river what was once the main channel of the river between the mainland and the island had become merely a well defined slough through which boats ran in high water as late, anyway, as 1883, and perhaps later.

The testimony is positive and distinct that the government corners and witness trees to the Crandall land were still standing on the west bank of this slough or original bed of the river when the survey was made in 1891.

There was some testimony by Mr. Mahan that an island opposite or near the Crandall land washed away in the flood of 1844 but the old gentleman very candidly admits that he paid but little attention to these matters. He nowhere denominates the island which washed away as island number 45.

In view of all this evidence it is plain that whether island 45 remained substantially as originally surveyed, or whether it was washed away and afterward reformed on its original site, it is too plain for discussion that what is termed *"the island"* now is not an accretion to section 21 or section 16. The doctrine of accretion will scarcely admit of *jumping a slough forty to sixty yards wide.* In a word, there is nothing saltatory about accretion.

Plaintiffs' lands still come to the banks of this slough. The witness trees and corners are still to be seen. They have every foot of land deeded to their ancestors by the government and seventy and forty-one hundredths acres more of accretions, but their lands at this point are still bounded by this original river line. Plaintiffs' line is still the bank of this slough.

The instruction given by the court of its own motion does not disclose any legal principle which guided the learned judge to his conclusion; certainly there is no precedent for the declaration he gave. It wholly ignores the essential issues raised by the evidence, to wit: whether the land in dispute was or was not an accretion to section 21 or was a part of island 45 or of an unsurveyed island. If not an accretion to

plaintiffs' land, their claim to it was without right. The declaration is clearly erroneous.

The instructions for defendant correctly declared the law and should have been given. Especially should the instruction in the nature of a demurrer to the evidence have been given. The judgment should have been for defendant upon the whole evidence, it being apparent that the land in dispute was not an accretion to plaintiffs' lands but was separated from it by a well defined slough which marked the boundaries of plaintiffs' lands. There is no question of invading original boundaries in the case, nor are plaintiffs cut off from the banks of the slough upon which their land bordered.

The judgment is reversed and the cause remanded. BRACE, C. J., BARCLAY, SHERWOOD, MACFARLANE, BURGESS, and ROBINSON, JJ., concur.