PERRY *v.* SADLER.

Opinion delivered June 17, 1905.

1. REFORMATION OF INSTRUMENT—MISTAKE.—Where by mutual mistake, a tract of land was omitted from a deed, the instrument will be reformed to include such tract. (Page 45.)

2.  Sale of land—when accretion included.—Where a contract for
the sale of a tract of land described it as "the Keywood place,
say about 68 acres, more or less," and the Keywood place fronted
on a navigable stream, whose water line constituted one of its
boundaries, the water line remained the boundary, no matter how
it shifted, and any accretions formed by the shifting of such line
belonged to the tract intended to be conveyed. (Page 46.)

3.  Same—when accretion not included.—Where a contract for the
conveyance of land, and the conveyance itself, designated a certain
number of acres to be taken from a certain part of a larger tract,
and the land was appropriately described, so that the lines could
be, and were, laid out in accordance with such description, the
. boundaries of the land were fixed, and did not include an accretion
thereto. (Page 47.)

Appeal from Yell Circuit Court in Chancery, Dardanelle
District.

William L. Moose, Judge.

J. M. Parker, for appellants. .

The court may reform a deed, so as to make it conform to
the intention of the parties. 50 Ark. 184; 66 Ark. 155; 51 Ark.
394; 68 Ark. 544; 68 Ark. 547. Perry's deed did not carry with
it all accretions. 69 Ark. 34; 71 Ark. 390; 59 U. S. 150; 134
U. S. 178; 76 Cal. 169; 7 How. 593.

Bullock & Davis, for appellees.

All accretions passed in the description contained in Perry's
deed. 71 Ark. 390; 40 Fed. 386; 134 U. S. 178; 55 S. W. 241;
3 Wash. Real Prop. 402; 99 Mass. 231; 33 Ark. 119; 32 Ark.
309; 50 Ark. 179. Perry had title to the land, and his possession
was notice of the same. 33 Ark. 465; 37 Ark. 47; 38 Ark. 571;
24 Ark. 371; 18 Ark. 142; 3 Wash. Real Prop. 74; 80 S. W. 306.
Appellants are estopped from claiming the land. 28 Pa. 124;
16 Pa. St. 301; 15 Pa. St. 526; 2 Exch. 663; 10 N. Y. 406; 29 Ga.
312; 13 Cal. 362.

J. M. Parker, for appellants in reply.

Under the rule announced in the cases cited by appellees
in 69 Ark. 33 and 71 Ark. 390, if same have any applica-

tion to the case at all, it would result that, as the accretions were part of the N. 1-2, S. E. 1-4 section 15 at the time of the execution of the contract and deed, appellees only acquired title to 1032 acres off the south side of the tract, including accretions, and hence the accretions passed as part of the tract of 32 acres, and not in addition thereto, as claimed by appellees. If this be true, appellees have obtained possession of more of the original tract than they were entitled to, and equity will not allow them to take possession of 32 acres of the original lands, and then take part of the accretions as a part of the 32 acres. These cases are based upon the principle that where there is a general description, it controls; but since in this case there is no general description, and the only description is as "32 acres," the latter must control. 2 Am. & Eng. Enc. Law (1st Ed.), 499. There is no question of estoppel in this case, for there was no reason why the deed should not be made directly to Mrs. Perry. The real question is whether Perry, by his contract, agreed to sell the accretions to R. C. Sadler, or to deed them to Mrs. Sadler for life and R. C. Sadler in remainder. If the former, they belong to Mrs. Perry; if the latter, to Mrs. Sadler, for equity will enforce the contract so as to make it conform to the intention of the parties. 61 Ark. 123. Appellees could not have a decree for reformation of the deeds from Wooten and McCracken to Perry and from Mr. Perry to Mr. and Mrs. Sadler, so as to made Wooten, McCracken or Perry defendant in their make them cover the tract in section 14, because they have never cross-bill. 66 Ark. 400; 49 Ark. 437.

*Bullock & Davis*, for appellees in reply.

Perry was duly made a party defendant in the cross-bill.

HILL, C. J. Perry and Sadler entered into a written contract on November 11, 1890, containing, among many other clauses, this one: "Said Perry to deed, unincumbered, to said Sadler the Keywood place, say about 68 acres, more or less, and 32 acres off lower side of Brown place, along the upper side of Keywood place." Pursuant to this contract two deeds were executed, one to R. C. Sadler, and one to R. C. Sadler and Elizabeth C. Sadler, his mother, to different tracts. In the deed to R. C. Sadler

"all of north half of the southeast quarter except the 32 acres off
the south side in section 15, township 6 north, range 20," etc., is
conveyed. In the deed to Sadler and his mother the following
description is found: "The south half of the southeast fractional
quarter, containing 68 acres more or less, and 32 acres off of the
south side of the north half of southeast fractional quarter, all in
section 15, township 6 north of the base line, and range 20 west
fifth principal meridian," etc.

The Keywood place was conveyed to Perry in 1883 as "the
south half of the southeast quarter of section 15, in township 6
north and range 20 west, containing 66 acres more or less." This
action is brought by appellants, claiming a small tract of .62 of an
acre, being described in the governmental survey as southwest
fractional quarter of section 14, township 6 north, range 20 west,
and its accretions and the accretions to said 68-acre and 32-acre
tracts. It is undisputably shown that it was an unintentional
oversight in the conveyance to Perry and from Perry to Sadler
that said fractional quarter section of section 14 was not included.
It was a small wedge-shaped tract running almost to the dwelling
house on the Keywood place, including part of the yard and gar-
den. This part of it was inclosed with other land, and all of it
under control of the owner of the Keywood place. The parties did
not know that this fraction did not pass under the deeds, as they
supposed all of this land was in section 15, and it was clearly
shown that it was intended to be conveyed. The chancellor held
that it and its accretion passed to Sadler, and in this the decree is
right.

The Keywood place fronts the Arkansas river, and there
is a large accretion there formed by alluvium. Appellants contend
that the contract and conveyance were to convey to Sadler 100
acres, no more nor less, and that the 32 acres were to be conveyed
from the Brown tract, in order to add to the Keywood tract of
68 acres, to constitute the 100 acres, and that the accretions did
not go with the conveyances, as the 100 acres were conveyed
without them. The contract to convey the Keywood place shows
that the tract going under that name, containing approximately
68 acres, was to be conveyed, and the conveyance of it contained
the words "more or less," indicating that the acreage was an
approximation, and not a fixed quantity. This court has adopted

the rule of the Supreme Court of the United States in regard to conveyances affecting accretions. This is the principle which governs here: "Where a waterline is the boundary of a named lot, that line remains the boundary, no matter how it shifts, and a deed describing the lot by number or name conveys the land up to that shifting line, exactly as it does up to the fixed side lines." *Towell* v. *Etter,* 69 Ark. 34. The conveyance of the Keywood place by name in the contract, and the conveyance of what was supposed to be the Keywood place by the Governmental survey numbers (and which was in fact all of it except this small tract which the chancellor reformed the deed to convey), carried the line to the river, and included the accretions. The chancellor so held, and his holding is affirmed.

The chancellor held that the accretions fronting the 32-acre tract did not pass to Sadler and his mother, and that, as the appellant, Mrs. M. C. Perry (wife of the other appellant) had acquired title to all of that tract except the 32 acres conveyed to Sadler and his mother, she was entitled to the accretions between it and the river. The appellees, Sadler and mother, cross appeal from this part of the decree.

The contract and deed designated a certain number of acres to be taken from a certain part of the Brown place. It was appropriately described, so that the lines could be, and they were, laid out in accordance therewith. When located, there was an accretion between the lines thus located and the river. This tract was not described by name or number, like the Keywood place, thereby carrying the boundary to the shifting water line; but this boundary was fixed, and the acreage determined by the contract and deed.

The chancellor was right, and the cross appeal is not sustained, and the decree is in all things affirmed.