RIVER LAND COMPANY, INC. *v.* James McALEXANDER et al

CA 83-7                                        661 S.W.2d 451

Court of Appeals of Arkansas
Division II
Opinion delivered December 7, 1983

*Drew & Mazzanti,* by: *W. H. Drew,* for appellant.

*Glankler, Brown, Gilliland, Chase, Robinson & Raines,* Memphis, Tenn., and *Charles B. Roscopf, P.A.,* for appellees.

LAWSON CLONINGER, Judge. This is an appeal from a decree of the chancellor, denying appellant's quiet title action to a certain tract of land in an area known as Island 66. Appellant, River Land Company, alleged in its complaint that the disputed area was accretions to the State of Arkansas

since the original survey of the government land office and the admission of the State of Arkansas to the union. Hence, when appellant acquired deeds from the state pursuant to Ark. Stat. Ann. §§ 10-206 — 207 it acquired title to all of the disputed property.

To this complaint, appellees filed their answer and counterclaim, praying that their title to the property under consideration be quieted and that the deeds of conveyance under which appellant claimed be cancelled. Appellees contended that the lands originated as accretions to the Arkansas shore and that appellees' predecessors in title were the sole riparian landowners and acquired any additions to the property.

Appellant, at trial, also claimed that its predecessor in title, Beulah Sherman, was also a riparian landowner and further, that part of the disputed property originated by reason of an avulsion rather than an accretion. The chancellor found that the lands under consideration were formed as accretions to the Arkansas shore and quieted title in appellees. It is from this decision that appellant brings this appeal.

Appellant's first point for reversal is that the trial court erred in finding that appellees had paid taxes on the land in this litigation. No authority is cited for this point, but it is merely argued that there is no indication on the tax books that any taxes were paid on the section of property in question.

It is a well settled rule that payment of taxes on original lands amounts to payment of taxes on the accretions. See *Bryant* v. *Chicago Mill,* 120 F. Supp. 463 (E.D. Ark. 1954), *affirmed,* 216 F.2d 727 (8th Cir. 1954). If the chancellor's decision is correct that appellees acquired the property through accretions as riparian landowners, then it follows that payment of taxes on the property also amounted to payment of taxes on the accretions to the property.

Appellant's second, third, and fifth points for reversal can be condensed into one broad issue: namely, whether the

chancellor's finding that appellees were the sole riparian landowners and that they acquired all of the disputed property through the process of accretions was clearly against a preponderance of the evidence. The chancellor based his decision in part on the fact that appellee and a non-party were the only owners of the island until Mrs. Beulah Sherman, appellant's predecessor in title, acquired 335 acres from Chicago Mill by adverse possession. See *Sherman* v. *Chicago Mill & Lumber co.*, 233 Ark. 277, 344 S.W.2d 345 (1961). In *Sherman, supra,* the Supreme Court, in a judgment on mandate, described her east and south boundary as the right descending high bank of Sherman Chute. Beulah Sherman has never had title south of the high bank of Sherman Chute.

The chancellor found that in 1940 a man-made avulsion known as the Sunflower Cut-off occurred upstream. Prior to that time the erosion had been southward and eastward into the State of Mississippi. The left descending bank of the Mississippi was caving into the river and consequently, the river progressively eroded and destroyed lands in the bend and formed accretions to the east end of the Island 66 peninsula. This finding was supported by maps, charts and the expert testimony of Austin Smith, an employee of the U.S. Corps of Engineers. Mr. Smith testified unequivocally that the lands under consideration were accretions to Sections 7, 18 and 19, Township 6 South, Range 3 East, Phillips County, Arkansas. We hold that there is ample testimony and evidence in the record to support the finding of the chancellor and would affirm the chancellor's decision on this issue.

Further, there is ample evidence in the record to support the chancellor's finding that appellant was not a riparian landowner. Appellant's predecessor in title acquired her property through adverse possession, and the description of the property included a water line named as a boundary; to wit, the right descending bank of Sherman Chute. That line remains the boundary, no matter how it shifts. Therefore, the boundaries of the land remain at the water line and do not include any accretions which occur on the other side of the watercourse. *Perry* v. *Sadler,* 76 Ark. 43 (1905). See also 93

C.J.S. 376, *Waters* (1956); *Sibley* v. *Eagle Marines Industries,* 607 S.W.2d 431 (Mo. 1980); *Dudeck* v. *Ellis,* 399 S.W.2d 80 (Mo. 1966); *Crandall* v. *Smith,* 36 S.W. 612 (Mo. 1896). It follows that appellant cannot be considered a riparian landowner since all accretions were on the opposite side of Sherman Chute. Hence, appellee is the sole riparian landowner and is entitled to all accretions thereto.

Appellant finally argues that its predecessor in title was a riparian landowner on the basis of deeds obtained from the state land commissioner pursuant to Act 103 of 1945 and Act 126 of 1953 [codified as Ark. Stat. Ann. §§ 10-204, 10-207 (Repl. 1976)]. However, these acts provide only a means of confirming title in the adjacent riparian landowner of accretions to his or her property. Appellant must first prove its status as a riparian landowner before the deed is valid. See *Gill* v. *Porter,* 248 Ark. 140, 450 S.W.2d 306 (1970). Since we hold that the chancellor's decision that appellant was not a riparian landowner is not against a preponderance of the evidence, it follows that the deeds which the state land commissioner gave to appellant's predecessor in title were invalid.

We find there is ample testimony and evidence in the record to support the finding of the chancellor and his decision is affirmed in all respects.

MAYFIELD, C.J., and CORBIN, J., agree.