## SMITH, ADX., V. FELTZ.

EVIDENCE:	*Ex parte affidavit.*

A statement or declaration, though made under the sanction of an oath and reduced to writing, is not allowable as evidence on the trial of an issue raised by the pleadings, unless an opportunity has been afforded the adverse party to cross-examine the witness.

APPEAL from *Arkansas* Circuit Court.

Hon. R. W. CROCKETT, Special Judge.

*Gibson & Holt* for appellant.

The writ of *scire facias* is a provisional remedy, and the affidavit of Floyd Smith should have been admitted. *Sec* 2536 *Gantt's Dig.*

The discharge in bankruptcy was no answer to the *scire facias*, as the debt was a fiduciary one. *Sec. 23, Bank. Act of 1867; In re Jas. W. Seymour, Int. Rev. Rec., 60; S. C., 1 B. C. R., 25.*

*L. A. Pindall* for appellee.

Smith's affidavit was properly excluded, and there was no evidence whatever that it was a fiduciary debt. If it was originally, the settlement and note novated his liability as guardian.

*J. W. Feltz, pro se.*

Makes same points as his counsel, and argues that he was discharged from all liability, by his bankruptcy.

SMITH, J.	There are two cases between the same parties and involving substantially the same issues. One is a *scire facias* to revive a judgment rendered November 4, 1867, by the Circuit Court of Arkansas County against Feltz in favor of John Floyd Smith, appellant's intestate,

for the sum of $4,518.91 and costs.   The other is a motion to quash and recall two executions issued on the same judgment.

One of the causes shown against the revivor of said judgment, and for staying final process for the satisfaction thereof, is, that the judgment debtor was, on the first day of March, 1870, discharged from all of his debts by the consideration and judgment of the District Court of the United States for the Eastern District of Arkansas, sitting as a court of bankruptcy.

For the judgment creditors it was contended that the debt was created while the debtor was acting in a fiduciary character, and therefore not discharged by the proceedings in bankruptcy.

This issue of fact was determined adversely to the creditor, and judgment given accordingly.

The evidence showed that Feltz was, in the year 1860, appointed guardian for John Floyd Smith, then a minor; that upon the final settlement of his accounts in the probate court, he was found to be indebted to his ward in the sum of $31,279.34, which he was directed on the fourteenth of October, 1863, to pay over, the ward being now of full age, and that the guardian did, in 1865, file in said court his ward's receipt for the above mentioned sum.

The judgment of November 4, 1867, was founded upon a promissory note, made by Feltz to John Floyd Smith, on the twenty-fourth of November, 1863.   But it does not appear what was the consideration of said note, and while it is quite possible that it was made in the settlement of the balance due by the guardian, yet it can not be presumed in the absence of competent evidence on that point.

Floyd Smith died after the commencement of these proceedings, but before trial.

While they were pending he made an affidavit before a

notary public that the note upon which judgment was rendered was given in settlement of the amount due him by his guardian.

This affidavit was offered in evidence, but excluded by the court. A statement or declaration, though made under the sanction of an oath, and reduced to writing, is not allowable as evidence on the trial of an issue raised by the pleading, unless an opportunity has been afforded the adverse party to cross-examine the witness.

*Ex parte affidavit not admissible as evidence.*

