THOMPSON *v.* GUTHRIE MILL & ELEVATOR COMPANY.

Opinion delivered June 9, 1919.

EVIDENCE—AFFIDAVIT TO ACCOUNT.—It was not error in an action on account begun before a justice of the peace to permit the plaintiff to introduce a sworn itemized statement of the account; the rule that an *ex parte* affidavit cannot be used as independent evidence not applying.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*R. F. Sandlin,* for appellant.

1. The affidavit of appellee's sworn account was not admissible. The affidavit was not taken and certified according to law, *that such account was just and correct.* Kirby's Digest, § 3151.

An affidavit is not allowable on trial of an issue unless opportunity has been given the adverse party to cross-examine affiant. None was given here. 42 Ark. 355. Appellant having filed his affidavit denying the account, and his affidavit was properly filed, as he was not required to plead upon an appeal until his case was called. (Sec. 4673, Kirby's Digest.) He filed his affidavit before the case was called. An answer may be filed in circuit court after default in justice's court. 35 Ark. 445.

2. The verdict does not respond to the instruction of the court, as there was no evidence to support the verdict, but is clearly against the evidence. 70 Ark. 386.

*Ratteree & Cochran,* for appellee.

1. The sworn affidavit filed was sufficient and duly filed in time before trial.

2. No proper objections were made to the filing of the statement of account.

3. The verdict was sustained by the evidence. All questions of fact are settled by the verdict. 109 Ark. 35. The facts were all submitted to the jury under proper instructions and this court will not disturb the verdict. 49 Ark. 122; 25 *Id.* 11; 40 *Id.* 168. See also 89 *Id.* 321; 93 *Id.* 548; 113 *Id.* 400.

WOOD, J. This action was begun by the appellee against the appellant in the justice court. The appellee filed before the justice court its account against appellant in the sum of $72. Judgment was rendered against the appellant in the justice court, and he appealed to the circuit court.

The bill of exceptions contains the following recitals: "The defendant files an affidavit just as the parties announced ready for trial and then objects to the plaintiff introducing a sworn itemized statement of the account; which objection was overruled by the court and defendant saved exceptions."

The cause was sent to the jury under proper instructions and from a judgment in favor of the appellee is this appeal. There was testimony to sustain the verdict.

The appellant contends that the court erred in allowing the appellee to introduce the sworn itemized statement of the account. His contention being that the record shows that this was introduced as an independent *ex parte* affidavit. But the record, as set out above, does not sustain the appellant's contention. The appellant says that the affidavit was not "duly taken and certified according to law that such account is just and correct." Section 3151, Kirby's Digest. But the appellant did not in the court below raise the objection that the account "was not duly certified" as required by the above statute. He only objected to the plaintiff "introducing a sworn itemized statement of the account."

Section 4565 provides that in ordinary actions before the justice of the peace "the plaintiff shall file with the justice the account or the written contract or a short written statement of the facts on which the action is founded." It will be observed that the statute does not even require that the account shall be sworn to. There was no error, therefore, in the court permitting the appellee to introduce the sworn itemized statement of its account. This was the foundation of appellee's action; and as the law did not require that it be sworn to, the fact that it was sworn to did not render the same invalid. It was appellee's pleading, and was competent to be introduced as such.

Appellant relies upon the doctrine announced by this court in *Smith* v. *Smeltz,* 42 Ark. 355, and *Western Union Tel. Co.* v. *Gilles,* 89 Ark. 483-7, where we held that an *ex parte* affidavit could not be used as independent evidence. See also *Johnson* v. *Johnson,* 122 Ark. 276.

But the doctrine of the above cases has no application to the facts as shown in the record under review here.

There is no error, and the judgment is, therefore, affirmed.