WHITTAKER *v.* KIRCHMAN.

Opinion delivered October 25, 1926.

1. NEGLIGENCE—FAILURE TO PUT ALCOHOL IN RADIATOR OF CAR.—The failure of a garage keeper to put alcohol in the radiator of an automobile after having agreed to do so constitutes negligence, rendering him liable for the resulting damages.

2. TRIAL—SUBMISSION OF APPELLANT'S THEORY.—It was not error to refuse to submit appellant's theory of the case in a certain instruction where such theory was embodied in other instructions.

3. EVIDENCE—ITEMIZED ACCOUNT OF REPAIRS TO CAR.—In an action against a garage keeper for damages to an automobile, it was not prejudicial error to admit in evidence an itemized account of the repairs where a mechanic testified that he examined the car minutely and saw what parts were needed, and was satisfied, after looking at the account, that the repairs mentioned therein were necessary to restore the car to its former condition.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

STATEMENT BY THE COURT.

William Kirchman sued L. A. Whittaker to recover $136.30, which he claims to be due him on account of the negligence of the defendant in failing to put alcohol in the radiator of his new Dodge touring car, as he had agreed to do.

According to the testimony adduced in favor of the plaintiff, he lives in Van Buren, Crawford County, Arkansas, and, on the 11th day of December, 1924, he drove his new Dodge touring car, with wood wheels, to the garage of L. A. Whittaker, and asked him to put alcohol in its radiator for the purpose of preventing it from freezing. The defendant had been accustomed to perform this service for the plaintiff. The plaintiff relied upon the performance of the service by the defendant, and drove his car home, thinking it had been supplied with alcohol to prevent freezing, as requested. On the 19th day of December, 1924, the plaintiff attempted to drive his car, and found that it had frozen, which caused a break in the radiator. The repairs necessary to

restore the car to its former condition cost the plaintiff $136.30, which was the usual price for such repairs.

On cross-examination, the plaintiff admitted owning a Dodge car of an older model, which had disc wheels, but denied that this was the car which defendant agreed to put alcohol in, in order to prevent the radiator from freezing.

According to the testimony of G. H. Wright, a witness for the plaintiff, he was foreman of the mechanical department of the Martin-Ross Motor Company, and was called in December, 1924, to get the Dodge touring car in Van Buren, Arkansas, for the purpose of examining it and making the necessary repairs on it. Upon examination of the car, he found that the whole top and back radiator was frozen up and that the block was frozen solid. The witness was familiar with the effect of alcohol as an anti-freeze mixture, and had worked on Dodge cars for four years. He could tell by examination that no alcohol had been put in the radiator of the car. The water was frozen solid, and he could tell that no alcohol had been placed in it. He was overseer of the repair work on the car. After examining the car, he wrote an order stating the work to be done, and turned it over to the mechanics who did the work. The witness supervised the repair work on the car, and placed his initial "W" on the work to be done.

According to the evidence for the defendant, he did not agree to put alcohol in the new Dodge touring car of the plaintiff to keep the radiator from freezing, but did agree to put alcohol in an old Dodge car with disc wheels, belonging to the plaintiff, to keep the radiator in it from freezing, and performed this service for the plaintiff, according to agreement.

The jury returned a verdict for the plaintiff in the sum of $136.30, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

Roy Gean, for appellant.

George Stockard, for appellee.

HART, J., (after stating the facts). It is earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict. We cannot agree with counsel in this contention. In *Bussy* v. *Hatch,* 95 N. J. L. 56, 111 Atl. 546, it was held that a garage keeper, to whom an automobile was delivered for storage under a simple contract of bailment, is liable for damages resulting from the freezing of water in the car while it was in storage, especially where an express agreement to maintain sufficient heat in the garage to prevent freezing was made. The failure of the garage keeper, in the respect mentioned, was considered negligence on his part.

The same rule holds here. According to the evidence for the plaintiff, he carried his car to the garage of the defendant and asked him to put alcohol in its radiator to prevent it from freezing. The defendant had been accustomed to perform this service for the plaintiff. About one week after this time the radiator of the plaintiff's car froze, and it cost him $136.30 to repair the same.

This made out a *prima facie* case of liability against the defendant. It is true that the defendant denied that he had agreed to fill the radiator of the car of the plaintiff with alcohol, but this disputed question of fact was submitted to the jury under proper instructions, and, under our settled rules of practice, this court must uphold the verdict of the jury.

It is next insisted by counsel for the defendant that the court erred in refusing to submit his theory of the case in instruction No. 2, given to the jury over his objection, at the request of the plaintiff.

According to the evidence for the defendant, the alcohol would boil away if the car was used a great deal, and it would be necessary to replace the alcohol at intervals, in order to prevent freezing. In the instruction complained of the court told the jury that, even if it should find that the defendant did put alcohol in the radiator of the car, if the quantity was insufficient to prevent freezing, the plaintiff would be entitled to recover, unless precluded by other instructions given to the jury. No spe-

cific objection was made to this instruction. It is a matter of common knowledge that the court cannot at all times submit the theories of both parties on the facts of the case in one instruction.

In the case at bar, when the instructions are read and considered as a whole, it will be seen that this theory of the defendant was submitted to the jury in other instructions given by the court. The verdict of the jury was in favor of the plaintiff for the full amount sued for, and it is evident that the jury rejected the theory of the defendant that he had attempted in any wise to comply with the request of the plaintiff to fill the radiator of the new Dodge touring car in order to prevent freezing.

It was next insisted that the court erred in the admission of evidence before the jury. G. H. Wright was a witness for the plaintiff. According to his testimony, he was foreman of the garage company which repaired the Dodge car in question after its radiator had frozen. According to his testimony, he examined the car minutely and saw what parts were needed to repair it. He gave the order to the mechanics in the shop for the necessary repairs, and placed his initial "W" on the written order. He oversaw the labor of repairing it. The itemized account of the repairs and the cost of making them was introduced in evidence. Under the circumstances of the case, there was no error in this. The witness was satisfied from his own personal knowledge, after looking at the account, that the repairs mentioned were necessary to restore the car to its former condition. It is not claimed that the price charged was exorbitant.

It will be noted that the witness placed his initial "W" on the repairs necessary to be made. It was not necessary that the writing should have been made by the witness himself, and, while the better practice would be to have permitted the witness merely to use the writing for the purpose of refreshing his memory, as held in *Bowden* v. *Spellman,* 59 Ark. 251, 27 S. W. 602, still no prejudice, in this case, could have resulted to the defendant from the introduction of the account itself. As we have

already seen, the witness had written down the repairs which were necessary to be made, and had placed his initial ''W'' on the writing. No claim whatever is made that the price of the repairs is unreasonable.

It follows that the judgment must be affirmed.