SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY
*v.* ANDERSON.

4-9757                                                247 S. W. 2d 966

Opinion delivered April 14, 1952.

*Tom Kidd,* for appellant.

*F. B. Clement,* for appellee.

ED. F. McFADDIN, Justice. This is an action instituted by appellee, Anderson, to recover on a policy of insurance issued to him by appellant insurance company.

Anderson owned a truck which was damaged in a traffic mishap in May, 1950. Just how much repair was done on the truck at that time, was one of the questions in this case. In August, 1950, Anderson applied to a local agent of the appellant, Southern Farm Bureau Casualty Insurance Company (hereinafter called "Insurance Company"), for a policy to insure the truck against damage by collision or upset. One of the questions in this case involved the truthfulness of the representations Anderson made to the agent of the Insurance Company, as to the truck being in good repair at that time. A policy of insurance was issued to Anderson, in which the Insurance Company agreed to pay for all damage (in excess of $50) thereafter resulting from collision or upset.

On January 30, 1951, the truck was upset and damaged. The Insurance Company refused to pay Anderson's claim for damages, and he filed this action for $382.68. For defense, the Insurance Company claimed, *inter alia:*

(1) that in order to obtain the insurance policy, Anderson misrepresented the condition of the truck concerning repairs; and

(2) that most of the present claimed damages were sustained in May, 1950, and had never been repaired.

A jury trial resulted in a verdict and judgment for Anderson for $200. On this appeal, the Insurance Company presents a number of assignments, but we find it necessary to discuss only two of them.

I. *The Affidavit Concerning Repairs.* The Insurance Company introduced witnesses from a Malvern garage, who testified that in May, 1950, certain repairs were made by them on the truck, and certain other repairs were not made. Anderson then testified that after the said witnesses had made their repairs, he took the truck to E. L. Burks, and paid him $75 for further repairs. Anderson, as a witness, then offered this affidavit:

"Malvern, Arkansas
September 14, 1951

Burks Wrecking Service,
Statement of work done on Truck.

Straightened the Axle, Fixed the Spring, Put on new Radiator, Sent Truck to Reynolds Body Shop and had the cab straightened and glasses put in, Burks repaired the left fender and Grill, after cab was straightened; also repaired hood. Received from J. T. Anderson $75 for services rendered by Burks Wrecking Service.

/s/ E. L. Burks

Subscribed and sworn to before me this the 14th day of September, 1951.

/s/ Mrs. Beulah J. Scrimshire
Notary Public.''

The following transpired in the trial court when the foregoing affidavit was offered:

"THE COURT: Mr. Anderson, is that receipt for money you paid for repair on the truck?

THE WITNESS: Yes.

THE COURT: Was the repair made after the time you took it to the Malvern garage?

THE WITNESS: Yes.

THE COURT: That repair was done after that, and that is the receipt for the money you paid.

THE WITNESS: Yes.

THE COURT: Let it be introduced.

MR. KIDD: We object and insist we have a right to cross-examine the party who made the affidavit."

We hold that the affidavit should not have been admitted in evidence as it was. Anderson did not detail the repairs for which he paid Burks $75; rather Anderson left it to the wording of the affidavit to show that Burks "repaired the left fender and grill after cab was straightened; also repaired hood." Thus the effect of

the Burks affidavit was to bolster or support Anderson's claim that the truck was fully repaired before he applied to the Insurance Company's agent for the policy herein sued on. The affidavit of Burks thus became more than a mere statement of account; it became independent evidence of Burks' work; and all of this without Burks being called as a witness.

We have repeatedly held that the affidavit of one not present at the trial cannot be used as independent evidence. In *Smith* v. *Feltz,* 42 Ark. 355, Justice WILLIAM W. SMITH clearly stated the rule in this language:

"A statement or declaration, though made under the sanction of an oath, and reduced to writing, is not allowable as evidence on the trial of an issue raised by the pleading, unless an opportunity has been afforded the adverse party to cross-examine the witness."

Authorities generally are in accord with our quoted holding, that an affidavit is not admissible in such a situation as is here involved. In 1 Am. Jur. 995, the rule is stated:

"At a trial, the adverse party has a right to be confronted by the witness, if possible; consequently, affidavits are not admissible there as evidence of the facts they narrate."

To the same effect, see 2 C. J. S. 985:

"The general rule is, that in the absence of an authorizing statute or rule of court, affidavits cannot be read or considered to prove material issues of fact, except where the objection is waived, or in purely administrative proceedings."

Appellee insists that we allowed an affidavit to be introduced in evidence concerning automobile repairs in the case of *Whittaker* v. *Kirchman,* 171 Ark. 1029, 287 S. W. 168, 49 A. L. R. 316. But in that case, the man who made the affidavit was testifying at the trial, and he merely used the affidavit to show the items of repairs he had made. He was on the witness stand, and subject to cross-examination. Such is not the situation here: Burks was never called as a witness.

We hold that there was prejudicial error in admitting the affidavit of Burks, under the circumstances in this case.

II. *A Binding Instruction.* Plaintiff's Instruction No. 1 was a "binding instruction"[1] and did not incorporate in it all the essentials of the plaintiff's case; but since the judgment is reversed because of the error in admitting the affidavit, there is no necessity to discuss this other point.

Reversed and remanded.

[1] See *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304.