LETA WRIGHT GILL ET AL *v.* TENNIE PORTER

5-5133                                    450 S. W. 2d 306

Opinion delivered February 23, 1970

*Daily & Woods,* for appellants.

*Harold Rains, Jr.,* for appellee.

CONLEY BYRD, Justice. The question presented here is the location of the boundary between riparian owners on opposite sides of an abandoned river bed. The chancellor fixed the boundary between the parties along a line equidistant from the north high bank and the south high bank. Appellants Leta Wright Gill, William H. Cook, Jr., Darra Jean Cook, William H. Cook, Sr. and Catherine Wright Cook appeal contending that the boundary should have been fixed along the thalweg or valley way of the river at the time it became non-navigable. Appellee Tennie Porter cross-appeals contending that appellants have no standing in court to challenge her right to confirm her title; that the court erred in not basing its decision on Act 126 of 1953; that the court erred in not holding the river changes were avulsive in nature; and that the court erred in changing the boundary between Sebastian and Crawford counties.

We find that appellee's cross-appeal is not sustained by the record or the law upon which she relies. The parties stipulated that appellee was the riparian owner on the north side of the river before the cutoff by the Corps of Engineers in 1962, and that appellants were the riparian owners on the south side. During oral argument it was admitted that the river reached its 1962 position through the process of eroding away,

passing over and filling in. In *McGee* v. *Matthews,* 241 F. Supp. 300 (E. D. Ark. 1965), it was pointed out that lands are formed by accretion when the river erodes away, passes over and fills in the lands involved. That case also held that in the event of an avulsion the county line remained in the thalweg or valley way of the abandoned river bed or channel.

We do not find that Act 126 of 1953 is applicable here. That act only amended Sections 1 and 2 of Act 203 of 1945. The latter act by its title was designed to furnish a means whereby the State could acknowledge that a river bed has been abandoned. We can find nothing in the acts which is intended to affect the rights of riparian owners.

On the direct appeal we reverse the trial court. In *Parker, Comm'r of Revenues* v. *Moore,* 222 Ark. 811, 262 S. W. 2d 891 (1953), we held that the State's title rests on navigability and that once the navigability of a stream ceases, the rights of the riparian owner attach to the beds of nonnavigable streams and lakes. In *Gill* v. *Hedgecock,* 207 Ark. 1079, 184 S. W. 2d 262 (1944), we held that where a nonnavigable stream constitutes the boundary between adjoining property owners, each property owner takes to the valley way or thread of the stream. Thus, in the instant case, appellants and appellee as riparian landowners owned no right in the bed of the abandoned river channel until the moment it became nonnavigable. The moment the portion of the abandoned river channel became nonnavigable *Parker, Comm'r of Revenues* v. *Moore,* and *Gill* v. *Hedgecock* would control, thus placing the boundary between the two riparian owners in the thalweg or valley way of the abandoned river channel. That the valley way of an abandoned river bed constitutes the boundary between adjoining owners has been recognized by the decisions from other jurisdictions—see *Arkansas* v. *Tennessee,* 246 U. S. 158, 62 L. Ed. 638, 38 S. Ct. 301 (1918). The U. S. Supreme Court there said:

". . .It is settled beyond the possibility of dispute that where running streams are the boundaries between States, the same rule applies as between private proprietors, namely, that when the bed and channel are changed by the natural and gradual processes known as erosion and accretion, the boundary follows the varying course of the stream; while if the stream from any cause, natural or artificial, suddenly leaves its old bed and forms a new one, by the process known as an avulsion, the resulting change of channel works no change of boundary, which remains in the middle of the old channel, although no water may be flowing in it, and irrespective of subsequent changes in the new channel * *."

The proof here shows the location of the valley way at the time the Arkansas River abandoned the old channel because of the cutoff dredged by the Corps of Engineers in 1962.

For the reasons herein stated the case is reversed and remanded to the trial court for entry of a decree in accordance with this opinion.