David ROETZEL, Individually, and as Parent and Next Friend of Jacquelyne Roetzel, a Minor *v.* Renita Gayle BROWN, and Joseph Randall Brown, Individually, and as Parents and Next Friends of Joseph (Joey) Brown, a Minor

94-1169                                        900 S.W.2d 185

Supreme Court of Arkansas
Opinion delivered June 19, 1995

188

*John Wesley Hall P.C.*, by: *John Wesley Hall, Jr.*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellee.

DONALD L. CORBIN, Justice. Appellant, David Roetzel, individually and as parent and next friend of his minor child Jacquelyne Roetzel, appeals an order of the Pulaski County Circuit Court denying his motion for new trial based on newly discovered evidence following a jury verdict for appellees, Renita Gayle Brown and Joseph Brown, individually and as parents and next friends of their minor child, Joey Brown, also a separate appellee. The sole issue on appeal is the denial of the motion for new trial. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3), as interpretation of a court rule, ARCP Rule 59(a)(7), is required. We find no error and affirm the denial of the posttrial motion.

Appellant filed a negligence suit against appellees following an incident in appellant's front yard which resulted in an injury to Jacquelyne's eye. Jacquelyne's eye injury was severe enough to require hospitalization at Arkansas Children's Hospital for seven days. There was conflicting testimony as to how the injury occurred. Three witnesses testified about the incident. It was undisputed that Joey struck Jacquelyne in the eye with some sort of stick while swinging at a water balloon she tossed to him. The conflict in the testimony was whether Jacquelyne was running toward Joey when he swung. Jacquelyne testified she did not move when she pitched the water balloon. Joey and a neighborhood boy, Benjamin Dennio, both testified she was running toward Joey when she pitched the water balloon and Joey swung at it.

Following the entry of judgment for appellees pursuant to a jury verdict, appellant filed a timely motion for new trial on the basis of newly discovered evidence. The affidavits of Lisa McNeir, Ph.D., and Evelyn Weber, appellant's neighbor, were attached to the motion. Neither affiant testified at trial. The affidavit of Dr. McNeir reflected that Jacquelyne's testimony at trial differed from what she told Dr. McNeir during an initial interview, and that the change in Jacquelyne's memory could be due to post traumatic stress or fantasy, but that such a change in memory was not uncommon after considerable time had passed. According to the affidavit, Jacquelyne initially told Dr. McNeir that she had been playing alone and was attacked by a neighborhood boy with a stick when she went to retrieve a toy. At trial, Jacquelyne stated that she was injured while pitching the water balloon during a game of ball with the boys. Ms. Weber stated in her affidavit that she witnessed the incident while looking out her window, that she saw a boy hit Jacquelyne with a pole, and that Jacquelyne was not playing with the boys.

At the hearing on appellant's motion for new trial, appellant argued that the testimonies of both Dr. McNeir and Ms. Weber were "newly discovered evidence." On appeal, appellant does not mention Dr. McNeir, but argues only that the trial court erred in its ruling concerning Ms. Weber. Appellant has therefore waived any argument on appeal concerning Dr. McNeir. As for Ms. Weber, appellant's counsel told the trial court at the hearing that appellant contacted her prior to trial and she denied witnessing the incident. Appellant argued it was not within the province of diligence to discover what someone will not divulge, and therefore Ms. Weber's testimony constituted newly discovered evidence. The trial court ruled appellant was aware of Ms. Weber prior to trial and that Rule 59(a)(7) did not apply to situations where a witness was known but changed her testimony.

On appeal, appellant contends that, prior to trial, Ms. Weber indicated her unwillingness to get involved in a dispute between neighbors. Therefore, argues appellant, "reasonable diligence" did not require him to call Ms. Weber as a witness since he had no reasonable basis for thinking she had any material testimony to offer. We find no merit to this argument and affirm the trial court's denial of the motion for new trial, albeit for a different

reason than that given by the trial court. *West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994).

Rule 59(a)(7) provides that a new trial may be granted on grounds of "newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." A new trial based on newly discovered evidence is not favored. *St. Louis S.W. Ry. Co. v. White*, 302 Ark. 193, 788 S.W.2d 483 (1990). The decision to grant a new trial based on newly discovered evidence is a decision within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Liggett v. Church of Nazarene*, 291 Ark. 298, 724 S.W.2d 170 (1987). At the hearing on a motion for new trial based on newly discovered evidence, the burden is on the moving party to establish he or she "could not with reasonable diligence have discovered and produced the evidence at the time of trial, that the evidence is not merely impeaching or cumulative, and that the additional testimony would probably have changed the result of the trial." *Piercy v. Wal-Mart Stores, Inc.*, 311 Ark. 424, 428-29, 844 S.W.2d 337, 339 (1993).

Appellant has failed to meet this burden. First, appellant has not demonstrated that, with reasonable diligence, he could not have discovered Ms. Weber's testimony. Despite appellant's counsel's representations to the trial court that appellant inquired of Ms. Weber prior to trial, Ms. Weber's affidavit is completely silent on that issue. Appellant has not demonstrated any refusal to testify by Ms. Weber prior to trial. Second, appellant has not demonstrated that Ms. Weber's testimony would have been material to his case or would have changed the result of the trial. Ms. Weber's affidavit stated, in its entirety:

> I was watching out my window on the day in question, and I saw that boy hit Jaclin [sic] with a pole. I was watching, [and] she was not playing with those boys. The boys were in the Roetzel's yard for only a few minutes.

The affidavit failed to show Ms. Weber's testimony would have been material or would have changed the results of the trial because it was silent on the issue of whether Jacquelyne was running toward Joey when she was struck. Third, while the testimony offered in Ms. Weber's affidavit is not impeaching, it is

certainly cumulative of the testimonies of Jacquelyne, Joey, and Benjamin Dennio.

■ Accordingly, we affirm the judgment denying the motion for new trial.