Don PRICE *v.* RYLWELL, LLC
and Pulaski Lands, LLC

CA 05-908                                          235 S.W.3d 908

Court of Appeals of Arkansas
Opinion delivered May 17, 2006

*Stuart Vess*, for appellant.

*Hurley & Whitwell, PLLC*, by: *Stephen E. Whitwell*, for appellee.

SAM BIRD, Judge. Appellant Don Price appeals from a decree entered by the Pulaski County Circuit Court that quieted title to three separate tracts of land in favor of appellees Rylwell, LLC (Rylwell), and Pulaski Lands, LLC (Pulaski Lands). On appeal, Price contends that there was insufficient evidence to support the decree. We affirm.

Price was the record owner of three separate tracts of land (referred to in the court's decree as Tracts 1, 2, and 3) in Pulaski County, Arkansas, that were forfeited to the State of Arkansas for non-payment of taxes. Tract 2 was forfeited in 1997, and Tracts 1 and 3 were forfeited in 1998. Each tract was certified to the State of Arkansas and sold as follows: Rylwell purchased Tract 1 via a limited warranty deed issued on July 23, 2004; Rylwell purchased

Tract 2 via a limited warranty deed issued on July 21, 2003; and Pulaski Lands purchased Tract 3 via a limited warranty deed issued on July 14, 2004.

On March 16, 2005, Rylwell and Pulaski Lands filed an action to quiet title to Tracts 1 and 2 in Rylwell and to Tract 3 in Pulaski Lands. Price filed an answer to the complaint in which he denied its allegations, and he filed a counterclaim alleging, among other things, that proper notice was not sent to or received by him. By a decree entered on May 2, 2005, the trial court quieted title to Tracts 1 and 2 in Rylwell and to Tract 3 in Pulaski Lands, and dismissed Price's counterclaims.

Price's sole contention on appeal is that there was insufficient evidence to support the judgment quieting title in this case. To support this contention, Price makes three arguments: first, that the notice regarding the sale of each parcel was deficient and did not comply with the relevant statutory notice requirements; second, that the limited warranty deeds issued to the purchasers are void because, at the time the deeds were issued, the sixty-day redemption period following the Attorney General's approval had not yet expired, as required by the "Offer to Purchase" for each tract; and third, that the principles of unjust enrichment should preclude Rylwell and Pulaski Lands from "[preying] on the misfortunate by purchasing property forfeited to the State for nonpayment of taxes and selling the property to the original owners."

### Standard of Review

Quiet title actions have traditionally been reviewed de novo as equity actions. *City of Cabot v. Brians*, 93 Ark. App. 77, 216 S.W.3d 627 (2005). However, we will not reverse the trial judge's findings in such actions unless the findings are clearly erroneous. *See id.* A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Id.*

### Notice

Price first claims that he was not provided with sufficient notice concerning the sale of the properties as required by Ark. Code Ann. § 26-37-301 (Supp. 2005). Specifically, he asserts that the notices sent by the State regarding Tracts 1, 2, and 3 did not contain the actual sale date for each property as required by statute. Arkansas Code Annotated section 26-37-301 states in part as follows:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties known to the Commissioner of State Lands shall receive notice of the sale from the Commissioner of State Lands in the same manner.

(b)(1) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale.

(2) The notice shall also indicate the sale date, and that date shall be no earlier than two (2) years after the land is certified to the Commissioner of State Lands.

According to the record, the State sent three notices to Price via certified mail concerning Tract 1. The first notice, dated April 2, 2001, was addressed to Don M. Price, at a post office box address in Little Rock, and stated, in pertinent part, that the sale date of the property would be April 8, 2003, and that "the sale date is scheduled for two years in the future." This notice was returned to the Land Commissioner's office marked "Unclaimed." The second notice, dated March 5, 2003, was sent to Price at the same post office box address as the first notice, and also stated that the property would be sold on April 8, 2003. This notice was signed for by Don M. Price on March 18, 2003. The third notice, dated May 13, 2004, and addressed to Don Price at the same Little Rock post office box address, stated that "unless all taxes, penalties, interest and costs are paid to this office, deed conveying title to a new owner will be issued on 7/12/2004." This notice was returned, marked "Unclaimed."

The record reflects that the State sent five notices to Price via certified mail concerning Tract 2. The first notice, dated April 4, 2000, was addressed to Don M. Price, at the same Little Rock post office box address that the notices relating to Tract 1 were addressed, and stated, in pertinent part, that the sale date of the property would be April 17, 2002, and that "the sale date is scheduled for two years in the future." This notice was returned, marked "Unclaimed." The second notice, dated January 18, 2002, was sent to Don M. Price at the same Little Rock post office box

address, and stated that the property would be offered for sale on April 17, 2002, unless the taxes, penalties, interest and costs were paid by that date. This notice was returned, marked "Unclaimed." The third notice, dated May 27, 2003, was sent to Don Price at the same Little Rock post office box address, and stated that a deed conveying the land to a new owner would be issued on June 26, 2003, unless all taxes, penalties, interest and costs were paid by that date. This notice was returned, marked "Unclaimed." Finally, a fifth notice, also dated May 27, 2003, and identical in content to the fourth notice, was mailed to Don M. and Mary Jane Price, directed to the attention of Sally Leon at a post office box address in Tampa, Florida. This notice was signed for by "Mike Ferrel."

Finally, the record reflects that the State sent two notices to Price via certified mail concerning Tract 3. The first notice, dated April 2, 2001, was addressed to Don M. Price at the same Little Rock post office box address, and stated, in pertinent part, that the sale date of the property would be April 8, 2003, and noted that this sale date was "scheduled for two years in the future." This notice was returned, marked "Unclaimed." The second notice, dated May 13, 2004, and addressed to Don M. Price at the same Little Rock post office box address, stated that the land would be conveyed to a new owner on July 12, 2004, unless the taxes, penalties, interest and costs were paid by that date. This notice was signed for by Don M. Price.

In cases involving redemption of tax-delinquent lands, our supreme court has stated that strict compliance with the requirement of notice of tax sales is required before an owner can be deprived of his or her property. *Jones v. Double "D" Properties, Inc.,* 352 Ark. 39, 98 S.W.3d 405 (2003). Here, the State clearly complied with the statute: it sent multiple notices by certified mail to Price regarding each of the three tracts, and a sale date was included in the first notice sent for each property. In addition, the first notice sent for each property specified that the sale date was "scheduled for two years in the future." Other notices for each property also stated sale dates.

Although the dates on which the sales of the three tracts actually took place were later than the sale dates listed in the notices sent to Price, we fail to see how this amounts to noncompliance with the statute. Arkansas Code Annotated section 26-37-301 only requires that the sale date of the property be included in the notice that is provided to the record owner, which date shall be "no earlier than two (2) years after the land is certified to the

Commissioner of State Lands." *See* Ark. Code Ann. § 26-37-301(b)(2). The notices sent to Price are in compliance with these requirements. The fact that the actual sale of the tracts did not take place until sometime after the sale dates set forth in the notices is not fatal to the sales. In fact, Ark. Code Ann. § 26-37-202(b) (Repl. 1997) provides that, when no bid is received at the sale that is at least equal to the assessed value of the land, the Commissioner is authorized to enter into negotiations for the sale of the land in question, subject to the approval of the Attorney General.

In carrying out the negotiated sales of these three tracts, the Land Commissioner received written offers from prospective purchasers. According to the record, the "Offer to Purchase" received from Rylwell for Tract 1 contained a certification by the State Land Commissioner that the property was "offered for sale but not sold at an auction legally held on 4/8/2003"; the "Offer to Purchase" received from Rylwell for Tract 2 contained a certification that it was "offered for sale but not sold at an auction legally held on 4/17/2002"; and the "Offer to Purchase" received from Pulaski Lands for Tract 3 contained a certification that it was "offered for sale but not sold at an auction legally held on 4/8/2003." The offer for Tract 1 was filed on April 16, 2004, and approved by the Attorney General on June 2, 2004; the offer for Tract 2 was filed on April 24, 2003, and approved by the Attorney General on June 13, 2003; and the offer for Tract 3 was filed on April 13, 2004, and approved by the Attorney General on June 2, 2004.

Here, it is clear from the record that the three tracts in question were offered for sale at public auctions on the dates stated in the notices, but that the tracts did not sell on those dates. Therefore, the tracts were later sold by the Commissioner through negotiated sales that were subsequently approved by the Attorney General. Obviously, when no legally-sufficient bid was received on the public sale date set forth in the notices, a negotiated sale necessarily took place on a later date. We find no error by the trial court in determining that the conveyance of each tract in this case was in conformity with Arkansas law.

In reaching this conclusion, we are mindful of the recent decision by the United States Supreme Court holding that the procedure used by Arkansas's Land Commissioner to give notice of tax forfeiture sales to property owners after the initial notice is returned "Unclaimed," is not sufficient to meet constitutional due-process requirements. *See Jones v. Flowers*, 547 U.S. 220

(2006). However, appellant here does not argue that the Land Commissioner's method of giving notice of the tax forfeiture sales to him was constitutionally inadequate. Appellant argues, rather, that the content of the notices was inadequate to apprise him of when his properties would be sold and that the properties were not sold on the sale dates stated in the notices. Appellant's argument, however, is not supported by the record, which clearly shows that the notices to appellant contained the sale dates, and that the tracts were offered for sale at public auctions on those dates.

## Sixty-Day Redemption Period

Price next asserts that the limited warranty deeds issued to Rylwell for Tracts 1 and 2 and the limited warranty deed issued to Pulaski Lands for Tract 3 are void because, at the time the deeds were issued, the sixty-day redemption period following the Attorney General's approval had not yet expired, as required by the "Offer to Purchase" for each tract.[1] We will not address the merits of this argument because the trial court did not rule on this issue. Our supreme court has repeatedly stated that a party's failure to obtain a ruling is a procedural bar to consideration of the issue on appeal. *Cox v. Miller*, 363 Ark. 54, 210 S.W.3d 842 (2005).

## Unjust Enrichment

Finally, Price argues that the principles of unjust enrichment should preclude Rylwell and Pulaski Lands from "[preying] on the misfortunate by purchasing property forfeited to the State for nonpayment of taxes and reselling the property to the original owners." Again, Price failed to obtain a ruling on this matter; thus, he is precluded from raising it on appeal. *See Cox, supra.*

For the reasons discussed herein, we hold that the trial court's decision was not clearly erroneous, and we affirm.

Affirmed.

GLOVER and CRABTREE, JJ., agree.

---

[1] Arkansas Code Annotated section 26-37-202(e) (Repl. 1997) sets forth the requirements for a record owner's redemption of forfeited property within thirty (30) days after the date of sale. There is no statutory requirement allowing for a sixty-day redemption period.