Robin CROWELL  *v.*  Charles BARKER, M.D.
and Northeast Arkansas Clinic

06-985                                         255 S.W.3d 858

Supreme Court of Arkansas
Opinion delivered April 26, 2007

[Rehearing denied June 7, 2007.]

*Paul N. Ford*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel, P.A.*, by: *Paul McNeill* and *Dustin H. Jones*, for appellees.

*Brian G. Brooks Attorney at Law, PLLC*, by: *Brian G. Brooks*, for amicus curiae Arkansas Trial Lawyers Association.

J IM HANNAH, Chief Justice. Robin Crowell appeals a judgment entered in favor of Charles Barker, M.D. Crowell asserts that the Craighead County Circuit Court erred (1) in denying her motion to find Ark. Code Ann. § 16-114-207(3) (1987) unconstitutional, (2) in denying her motion to strike changes to Barker's deposition, and (3) in excluding the affidavit of John W. Foote, M.D. We find no error and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (b)(3-6).

## Facts

On July 3, 2000, Barker performed a complete abdominal hysterectomy on Crowell. She later developed a vesicovaginal fistula. Urologist Foote performed an examination, removed sutures placed during the hysterectomy, and corrected the fistula. On July 1, 2002, Crowell filed a complaint alleging that Barker committed malpractice while performing the hysterectomy by suturing her bladder, causing the fistula. Barker argued that he did not suture her bladder, and that he committed no malpractice. The jury returned a verdict in favor of Barker.

## Ark. Code Ann. § 16-114-207(3)

Crowell argues that her constitutional rights to a fair trial were compromised when she was precluded from introducing Barker's deposition testimony that "he agreed that if Mrs. Crowell's bladder was to be sutured during the procedure on July 3 that would be a deviation from the standard of care." Barker testified at the time of his deposition as follows:

> Q. In performing the hysterectomy of the type and nature that you performed on Ms. Crowell, would it be a deviation from the standard of care for sutures to be in her bladder?
>
> . . .
>
> A. For sutures to be visualized as tags or in whole part at the time of the cystoscopy, I think they're fully explainable and not in any way in violation of the standard of care. To be suturing the bladder, yes, that is a violation of the standard of care.
>
> Q. Okay. So we can agree that if Ms. Crowell's bladder was to be sutured during this procedure on July the 3rd, that would be a deviation of the standard of care?

A.  That is correct.

Subsequently, in the course of Michael Finan M.D.'s deposition he was read Barker's deposition testimony and asked whether he agreed with Barker:

> Q.  So, page 89, line 7, "so can we agree that if Mrs. Crowell's bladder was to be sutured during this procedure on July 3, that would be a deviation from the standard of care?" "Answer: that is correct." Do you disagree with Dr. Barker's sworn deposition testimony?

> A.  Yes.

Thus, Finan disagreed with Barker's initial deposition testimony that might be argued to state that any and all suturing in the bladder would constitute a violation of the standard of care. Upon receipt and review of the deposition transcript, Barker corrected his testimony by changing his answer. He substituted "suturing through the bladder" for "suturing the bladder," thus correcting his deposition so that it did not preclude sutures to the bladder in all instances. This was consistent with Finan's testimony, including his testimony at trial.

Crowell characterizes the issue as one of the validity and constitutionality of Ark. Code Ann. § 16-114-207(3). Her specific complaint is that in discovery she developed deposition testimony that she believed challenged the defense's credibility, and that she was wrongfully precluded from using that evidence at trial. She wished to point out to the jury through cross-examination that while Barker testified that it was a deviation from the standard of care to suture the bladder when performing the hysterectomy, Finan did not believe it was a deviation from the standard of care. However, the limited deposition testimony provided in the record and the testimony at trial do not bear out this distinction. Finan testified that while it could be a deviation from the standard of care to suture through the bladder wall, there are occasions when it is necessary to suture the bladder, for example if the bladder were injured or needed repair. Thus, at the time of trial, Barker's deposition testimony was not inconsistent with Finan's testimony.

█ Crowell shows no prejudice in being precluded from introducing Barker's deposition testimony. This court does not reverse in the absence of prejudice. *Commercial Energy Users Group v. Ark. Pub. Serv. Comm'n*, 369 Ark. 13, 250 S.W.3d 225 (2007);

*Lea v. Bradshaw,* 192 Ark. 135, 90 S.W.2d 487 (1936). This makes the issues of the validity and the constitutionality of Ark. Code Ann. § 16-114-207(3) presented by Crowell moot. We do not address moot issues. *Alexander v. McEwen,* 367 Ark. 241, 239 S.W.3d 519 (2006).

*Ark. R. Civ. P. 30(e)*

■ However, our analysis above is based on Barker's corrected deposition testimony, and Crowell argues that the circuit court erred in denying her motion to strike Barker's corrections to his deposition. Barker noted on the amendment sheet the reason that he was making changes to his deposition was to make a "correction" to his testimony at page 89, lines 5 and 6. Crowell alleges that his testimony was not timely corrected and remained that any sutures in the bladder constituted malpractice and that this testimony was contrary to Finan's testimony. Crowell asserts that under Ark. R. Civ. P. 30(e), a deponent must make any changes and certify the deposition within thirty days of the date the court reporter has the transcript available, and that the changes in this case were not made until after thirty days from that date. Rule 30(e) provides as follows:

> *Review by Witness; Changes; Signing.* If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Under the Rule, the deponent has thirty days within which to correct the deposition transcript after being notified by the court reporter that the transcript is available. No evidence is offered to show that Barker received notice from the court reporter that the transcript was available. The court reporter indicated by affidavit that while she did ·complete the transcript on May 10, 2004, counsel could not have received it until May 20, 2004, at the earliest, the date on which she billed the matter. She indicated that her standard business practice is to

mail the transcript on the date she bills the matter. However, while the affidavit shows what might have happened, the only certain information provided is that the court reporter completed the transcript on May 10, 2004, and that it was sent to counsel. As such, we cannot determine from the record whether notice was given, to whom it was given, or when the transcript was made available to Barker. We cannot say that the circuit court erred in denying the motion. *See, e.g., Roetzel v. Brown*, 321 Ark. 187, 900 S.W.2d 185 (1995).

## Foote Affidavit

Crowell further argues that the circuit court erred in excluding the Foote affidavit. Crowell wanted to introduce the affidavit to show what Foote found while correcting the fistula. She also sought to have her expert Bruce Halbridge, M.D. rely on the affidavit.

We first address the issue of the affidavit's admission to prove Barker's conduct. Admission of evidence is under an abuse-of-discretion standard. *Martin v. Arkansas*, 354 Ark. 289, 119 S.W.3d 504 (2003). Foote was never deposed. While this case was being prepared for trial, Foote was diagnosed with cancer. During treatment he passed away from an unexpected pulmonary embolism. Prior to his death, many months passed while Foote was still sufficiently healthy to submit to a deposition; however, Foote was never deposed. By the time of trial, the only evidence of Foote's opinion was his medical records and the affidavit provided by Crowell. The medical records were used at trial. We hold that the affidavit was correctly excluded from evidence. Where testimony is offered by way of an affidavit from a person who is not present at trial, the affidavit constitutes inadmissible hearsay. *Greenlee v. State*, 318 Ark. 191, 844 S.W.2d 947 (1994). Further, we have stated that "[a]n affidavit is not admissible to prove a fact in issue." *Harris Constr. Co. v. Powers*, 262 Ark. 96, 115, 554 S.W.2d 332, 341 (1977). "We have repeatedly held that the affidavit of one not present at the trial cannot be used as independent evidence." *Southern Farm Bureau Cas. Ins. Co. v. Anderson*, 220 Ark. 373, 376, 247 S.W.2d 966, 968 (1952), citing *Smith v. Feltz*, 42 Ark. 355, 357 (1883), where this court stated, "a statement or declaration, though made under the sanction of an oath, and reduced to writing, is not allowable as evidence on the trial of an issue raised by the pleading, unless an opportunity has been afforded the

adverse party to cross-examine the witness." Accordingly, we find no abuse of discretion in excluding the Foote affidavit.

■ We also hold that there was no error in refusing to allow Haldridge to base his testimony on the affidavit. We review the admission of expert testimony under an abuse-of-discretion standard. *Collins v. Hinton*, 327 Ark. 159, 937 S.W.2d 164 (1997). Evidence of what Barker did during the course of the hysterectomy was introduced at trial by way of medical records and testimony. Foote's medical records were available and were relied upon by the experts in this case. "Medical records are the quintessential example of the type of facts or data reasonably relied upon by experts in the field of medicine." *Glidwell v. S.C. Mgmt., Inc.*, 923 S.W.2d 940 (Mo. App. 1996).

Arkansas Rule of Evidence 703 provides that the facts or data relied on by an expert need not be admissible in evidence if it constitutes facts or data reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. "The test stated in the rule is whether the expert's reliance is reasonable." *Collins*, 327 Ark. at 165, 937 S.W.2d at 165; *Dixon v. Ledbetter*, 262 Ark. 758, 762, 561 S.W.2d 294, 296 (1978).

> Rule 703 is obviously not intended to give an expert witness license to merely repeat hearsay for the sake of bringing such information before the fact finder. Rather, it is to enable the expert to make certain assumptions for the purpose of arriving at an opinion within the witness's area of expertise.

*Sims v. Safeway Trails, Inc.*, 297 Ark. 588, 592, 764 S.W.2d 427, 429 (1989). Counsel for Crowell stated to the circuit court that, "[o]n May 6, 2004, I provided the affidavit." TR441. Crowell's counsel further stated that Foote was identified as an expert prior to preparation of the affidavit; "[i]t was indicated that, I'm going to use this guy and here's his opinion. It's a writing under oath." TR442. Thus, the affidavit was prepared by counsel in anticipation of litigation. Affidavits prepared by counsel in anticipation of litigation do not constitute facts or data of a type reasonably relied upon by experts in the particular field in forming opinions. *See, e.g., United States v. Tran Trong Cuong*, 18 F.3d 1132 (4th Cir. 1994) (holding that a doctor's report prepared at the request of counsel for the government was a forensic medical opinion and not of the type relied upon by experts in forming opinions). The court stated that, "[r]eports specifically pre-

pared for purposes of litigation are not, by definition, 'of a type reasonably relied upon by experts in the particular field.' " *Tran Trong Cuong*, 18 F.3d at 1143 (quoting Fed. R. Evid. 703). The circuit court did not abuse its discretion in excluding the affidavit.

Affirmed.