2011 Ark. App. 503

**Roosevelt DYE, Appellant**

v.

**ANDERSON TULLY COMPANY,**
Appellee.

No. CA 11–33.

Court of Appeals of Arkansas.

Sept. 7, 2011.

Frances Morris Finley, Little Rock, for appellant.

David Rollwage Bridgforth, Pine Bluff, for appellee.

ROBERT J. GLADWIN, Judge.

On appellant Roosevelt Dye's petition to quiet title to certain real property, summary judgment was granted to appellee Anderson Tully Company by the Desha County Circuit Court on June 9, 2008. This court dismissed the appeal of that case because the trial court failed to determine in which county the subject property was located and failed to include a proper legal description of the property. *See Dye v. Tully,* 2009 Ark. App. 224, 2009 WL 864968 (*Dye I*). When the case was presented at trial for the second time, the trial court ruled that appellee had already proved entitlement to the property by adverse possession as memorialized in the order granting summary judgment on June 9, 2008. In its judgment of September 23, 2010, the trial court held that the property was located in Arkansas County by accretion of the land along the Arkansas River and granted quiet title to the land at issue to appellee. We affirm the trial court's judgment.

The underlying facts and procedural history in this case are recounted in our opinion of April 1, 2009, in *Dye I*. At the 2008 trial, the trial court denied appellee's motion for summary judgment on the issue of acquiring title to the land based upon accretions. However, the trial court granted appellee's motion as to the issue of adverse possession, finding that appellant failed to file a counteraffidavit to the affidavit of Mr. Tim Bitely. Mr. Bitely's undisputed facts led the trial court to rule that appellee was the owner of the land in question by adverse possession and had been since 1967–68, if not before.

Appellant timely filed his appeal, but this court dismissed it on April 1, 2009, holding that the trial court's order lacked finality because it did not identify the boundary lines of the property in dispute. *See Dye I*. Following the dismissal of the initial appeal, the trial court set the matter for trial. At the start of the trial, the trial judge stated,

> I ruled in the summary judgment order that the [appellee] had established title by adverse possession, but there was not sufficient legal description, as I understand it, because the court could not determine from the information presented which county this land was actually in.

The trial judge then stated,

> I think where we're at now is that the [appellee] ha[s] a partial summary judgment that there was adverse possession. Because there was insufficient proof at that time, I could not identify the county in the legal description in an order as required . . . .

A trial was then held to determine in which county the property was located. Over appellant's objection, the matter proceeded on the premise that appellee had adversely possessed the property. The trial judge stated, "Mr. Dye can have his day in court, but it is going to be on the issue of where this property is located, which county it's located in as narrowed by the partial summary judgment I have already granted." Appellant proffered evidence that he had color of title, that he and his predecessors in title had continuously paid taxes on the property, that the property was in Desha County, and that appellee had not met its burden of proof in an action to adversely possess the property.

On September 9, 2010, the trial court issued its findings of fact and conclusions of law that addressed appellee's claim of accretion as the basis for ownership of the property, finding that the subject property is located in Arkansas County and that appellee is the record title holder of the property. Thereafter, the trial court entered judgment on September 23, 2010, which provided, in part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with the Findings of Fact and Conclusions of Law filed herein on September 9, 2010, and the Findings and Conclusions and Order Granting Summary Judgment filed herein on June 9, 2008, all right, title, and interest in and to the real property situated in the geographic location of the original fractional Southeast Quarter and the South Half of the Southwest Quarter of the Fractional Section 31, Township 8 South, Range I West, South of Arkansas River, in Arkansas County, Arkansas, be and is hereby vested in Defendant, Anderson–Tully Company, and title to the same is hereby quieted in the Defendant, Anderson–Tully Company.

On October 14, 2010, appellant filed his notice of appeal contending that (1) the trial court lacked jurisdiction to decide the location of a county line that was different from the weight of the evidence and that neither Desha nor Arkansas County was a party to the lawsuit and both were necessary parties; (2) the trial court erred in granting a partial summary judgment on the issue of adverse possession based upon the motion for summary judgment previously filed; and (3) the trial court abused its discretion when it allowed Gibbs Ferguson to be qualified as an expert for appellee.

We traditionally review quiet-title and boundary-line actions de novo. *Strother v. Mitchell*, 2011 Ark. App. 224, 382 S.W.3d 741. We will not, however, reverse findings of fact unless they are clearly erroneous. *Id.* A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Price v. Rylwell, LLC*, 95 Ark.App. 228, 235 S.W.3d 908 (2006). In reviewing a trial court's findings of fact, we give due deference to the trial court's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Id.*

I.

In his first point on appeal, appellant contends that the trial court erred in denying his motion to join Arkansas and Desha Counties as necessary parties to the lawsuit. He also claims that the trial court's decision that the property was located entirely in Arkansas County was against the weight of the evidence. Appellant recites all of the testimony admitted from the Desha County Tax Assessor and argues that the land belongs to him by way of the paid tax receipts and due to

avulsion. He concludes his argument by asserting that the trial court was without jurisdiction to decide the location of the county line without evidence from representatives from the two counties regarding taxes, their understanding of the location of the county line, and ownership of the property. He maintains that the weight of the evidence was contrary to the trial court's decision.

■ Melvin Cannatella, a civil engineer and registered surveyor licensed in both Arkansas and Mississippi, opined that the subject property is situated in Arkansas County. He testified that Act LXVIII of Arkansas (Act), adopted by the Arkansas General Assembly in 1885, established the Arkansas River as the county boundary line between Arkansas County and Desha County in the area of the subject property. Where the bed of a navigable river serves as the boundary between two counties, the boundary between the counties moves with the movement of the navigable river by the process of accretions. *Porter v. Ark. Western Gas Co.*, 252 Ark. 958, 482 S.W.2d 598 (1972). However, when the bed of a navigable river that serves as the boundary line between two counties is abandoned due to an avulsion, the location of the county line does not change but remains in the thalweg of the abandoned river channel. *Gill v. Porter*, 248 Ark. 140, 450 S.W.2d 306 (1970).

■ In *Nix v. Pfeifer*, 73 Ark. 199, 83 S.W. 951 (1904), our supreme court stated,
Land formed by gradual and imperceptible accretion, or by gradual recession of the water, belongs to the owner of the contiguous land to which the accretion is made. The river line is a natural boundary, and its gradual advance or retreat carries the owner's line with it, except in the case of an avulsion, or sudden and perceptible change of the watercourse, in which latter case the line remains at the old water line, and becomes fixed by it, not subject to further change by the caprice of the river.

*Id.* at 202, 83 S.W. at 952. It is well settled that property boundaries along a navigable river are subject to constant revision by the natural movement of the waterway by accretion. *Crow v. Johnston*, 209 Ark. 1053, 194 S.W.2d 193 (1946). It is equally well settled that when a navigable river shifts by a sudden and perceptible change, an avulsion has occurred and the boundaries of the riparian landowners do not change with the course of the navigable river. *Goforth v. Wilson*, 208 Ark. 35, 184 S.W.2d 814 (1945).

■ The trial court found that the Arkansas River moved from its location in 1885 at the time the Act established the Arkansas River as the boundary line between Arkansas County and Desha County to its location at the time of the construction of the Hopedale Cutoff by the process of accretion. This finding was not clearly erroneous. In addition, there is a strong legal presumption in favor of accretion and against avulsion. *Pannell v. Earls*, 252 Ark. 385, 483 S.W.2d 440 (1972). The trial court further found that the Hopedale Cutoff "was a man-made avulsion and had no effect on the location of the county line between Arkansas County and Desha County." We uphold the trial court's finding because a man-made cutoff is treated as an avulsion under Arkansas law. *Gill v. Porter, supra.*

■ We further hold that the trial court did not err in denying appellant's motion to join necessary parties, as Arkansas and Desha Counties were not necessary parties. In *Pruitt v. Sebastian County Coal & Mining Company*, 215 Ark. 673, 222 S.W.2d 50 (1949), the Arkansas Supreme Court held that a county boundary-

line dispute could be indirectly adjudicated in an action between individuals.

A review of the findings of fact and conclusions of law reveals that the determination of the trial court is not clearly erroneous. The trial court determined that the subject property is located in Arkansas County. In making that decision, the trial court was required to determine the location of the current boundary line between Arkansas and Desha Counties in the area of the subject property. The trial court found that the boundary line was located at the thalweg of the old Arkansas River channel immediately prior to the construction of the Hopedale Cutoff in 1946. We affirm.

## II.

▇ Appellant argues that the trial court erred when it granted a partial summary judgment on the issue of adverse possession based upon the motion for summary judgment previously filed. He cites Arkansas Code Annotated section 18–11–102 (Repl.2003):

> Unimproved and unenclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he or she has color of title thereto, but no person shall be entitled to invoke the benefit of this section unless he or she, and those under ⌐₇whom he or she claims, shall have paid the taxes for at least seven (7) years in succession.

He also cites Arkansas Code Annotated section 18–11–103 (Repl.2003):

> Payment of taxes on wild and unimproved land in this state by any person or his or her predecessor in title for a period of fifteen (15) consecutive years shall create a presumption of law that the person, or his or her predecessor in title, held color of title to the land prior to the first payment of taxes made as

stated and that all the payments were made under color of title.

Appellant then claims that Mr. Bitely and Mr. Cannatella, witnesses for appellee, both testified that the land was unenclosed and not being farmed or otherwise improved. He claims that there is no evidence that appellee paid taxes in Desha County and that the tax receipt for Arkansas County does not give an adequate description of the property, and thus, does not constitute color of title. *See Darr v. Lambert,* 228 Ark. 16, 305 S.W.2d 333 (1957). Appellant contends that, because appellee did not provide the trial court with a current survey showing the subject property and identifying it as such, it cannot prevail. Finally, appellant argues that appellee does not have color of title because the deeds purporting to give it title are either void or a quitclaim deed.

The standard of review for summary judgment is well settled as follows:

> Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable minds might reach different conclusions from those undisputed facts. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all

doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties.

*Sykes v. Williams,* 373 Ark. 236, 239–40, 283 S.W.3d 209, 213 (2008) (internal citations omitted).

Contrary to appellant's argument, we hold that the trial court's order granting summary judgment was proper. The trial court found the following facts to be undisputed, as no competing affidavits were submitted by appellant: (1) appellee received a deed on the property in 1917; (2) appellee paid taxes on the land in Arkansas County; (3) appellee has harvested timber on the land many times since 1917; (4) appellee has maintained painted boundary lines around the property well in excess of seven years before appellant filed his complaint; (5) since about 1960, for over forty years, appellee has leased the hunting rights on the property; (6) appellee and its tenant have prevented trespass on the property; and (7) no one ever claimed ownership of the property or objected to any of the acts or dominion of appellee until appellant filed his complaint. Based upon these facts, the trial court's conclusions that appellee claimed the land as its own and that appellee is the owner of the land by adverse possession and has been since at least 1967–68, if not before, are not erroneous.

■■■■■ To prove the common-law elements of adverse possession, the claimant must show that he has been in possession of the property continuously for more than seven years and that his possession has been visible, notorious, distinct, exclusive, hostile, and with the intent to hold against the true owner. *White River Levee Dist. v. Reidhar,* 76 Ark.App. 225, 61 S.W.3d 235 (2001). It is ordinarily sufficient proof of adverse possession that the claimant's acts of ownership are of such a nature as one would exercise over his own property and would not exercise over the land of another. *See id.* Whether possession is adverse to the true owner is a question of fact. *Id.*

Mr. Bitely's affidavit established that, since the early 1900s, appellee paid taxes on the land in Arkansas County, harvested timber, maintained boundary lines, leased the land, and restricted access to the land. Appellee argues that these acts were continuous, visible, notorious, distinct, exclusive, and hostile to the rights of any other individual entity. Appellee points out that appellant did not offer a counteraffidavit in response to Mr. Bitely's, and the trial court noted this in its order. Therefore, appellant failed to meet proof with proof to demonstrate a material issue of fact, and we affirm the trial court's order of summary judgment.

### III.

■■■■ Appellant claims that the trial court abused its discretion when it allowed Gibbs Ferguson to be qualified as an expert for appellee based upon a previous affidavit admitted in the original trial. Appellant contests the testimony of Mr. Ferguson because, appellant contends, that he admitted that he was basing his knowledge of the river on the testimony of the other witnesses. *See De Loney v. State,* 88 Ark. 311, 115 S.W. 138 (1908) (where the Arkansas Supreme Court did not allow a surveyor to testify as to a boundary dispute regarding the state line between Texas and Arkansas based on hearsay). Appellant then concedes that Mr. Ferguson's testimony may have been admissible under ordinary circumstances but contends that his counsel was never notified that appellee intended to call two experts.

■■■■ Our case law clearly states that we review the admission of expert testimo-

ny under an abuse-of-discretion standard. *Crowell v. Barker*, 369 Ark. 428, 255 S.W.3d 858 (2007). In discussing our standard of review for evidentiary rulings, we have said that circuit courts have broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008).

Appellee argues, and we agree, that the trial court did not abuse its discretion in allowing Mr. Ferguson to testify as an expert witness. Appellant's objection was not to Mr. Ferguson testifying, but specifically to him testifying as an expert, because he was not listed as such on the pretrial information sheet. However, the trial court noted that Mr. Ferguson had submitted an affidavit in support of the motion for summary judgment and concluded that appellant had adequate notice of Mr. Ferguson's testimony. We affirm, holding that this decision was not an abuse of discretion.

Affirmed.

PITTMAN and BROWN, JJ., agree.