## COMMERCIAL ENERGY USERS GROUP *v.* ARKANSAS PUBLIC SERVICE COMMISSION

06-342                                         250 S.W.3d 225

Supreme Court of Arkansas
Opinion delivered February 15, 2007

*Perkins & Trotter, PLLC,* by: *Scott C. Trotter* and *Julie DeWoody Greathouse,* for appellant Commercial Energy Users Group.

*Susan E. D'Auteuil,* for appellee Arkansas Public Service Commission.

TOM GLAZE, Justice. This court accepted jurisdiction of this case for the limited purpose of deciding whether to grant the motion to dismiss the appeal filed by Arkansas Western Gas Co. Appellee Arkansas Western Gas Co. (AWG) filed a petition with the Arkansas Public Service Commission (PSC or "the Commission") seeking a rate increase on December 29, 2004. In its application, AWG asked that its rates be increased annually by $9,739,459. The application was opposed by appellants Commercial Energy Users Group (CEUG) and the Consumer Utilities Rate Advocacy Division of the Arkansas Attorney General's Office (AG or "the Attorney General"). On October 31, 2005, the PSC entered Order No. 6, in which it approved an increase of AWG's rates of $4,623,859 annually.

On November 29, 2005, pursuant to Ark. Code Ann. § 23-2-422(a) (Repl. 2002), the Attorney General filed an application for rehearing of the PSC's Order No. 6. CEUG also filed an application for rehearing on November 30, 2005. The PSC Staff and AWG both filed responses to the Attorney General's application for rehearing on December 9, 2005, and filed responses to CEUG's application for rehearing on December 12, 2005. The PSC, however, did not act on the applications for rehearing within thirty days. Thus, under the plain language of Ark. Code Ann. § 23-2-422(d) (Repl. 2002), the applications were deemed denied on December 29, 2005 (AG), and December 30, 2005 (CEUG).

Subsequently, on January 26, 2006, the PSC entered Order No. 9, in which it acknowledged that the applications for rehearing had been deemed denied. However, the PSC stated that, "[a]fter further review, the Commission has determined that the rehearing requests of the AG and the CEUG should not have been allowed to be deemed denied by operation of law." The PSC further noted that, because no party had yet filed a notice or petition of appeal with the Arkansas Court of Appeals regarding Order No. 6, the Commission retained jurisdiction of the matter. Accordingly, the PSC declared, the requests for rehearing were "granted solely for the purpose of further consideration by the Commission."

On February 28, 2006, the PSC issued Order No. 10, in which it noted that it had "completed its consideration of the requests for rehearing of the AG and the CEUG," and that those requests for rehearing should be denied. On March 30, 2006, CEUG and the Attorney General filed notices of appeal from the PSC's Order No. 10 denying the requests for rehearing.

On May 26, 2006, AWG filed a motion to dismiss the appeal in the court of appeals, arguing that the Attorney General and CEUG should have filed their notices of appeal within thirty days of the date their applications for rehearing were deemed denied, or by January 30, 2006.[1] AWG further contended that the January 26, 2006, Order No. 10 was a "nullity and did not extend the deadline for filing notices of appeal beyond January 30, 2006." Pointing out that the motion to dismiss the appeal would require the harmonization of various statutes and the Rules of Civil and Appellate Procedure, the court of appeals certified AWG's motion to dismiss the appeal to this court.

The standard of review in cases involving the Public Service Commission is set forth in Ark. Code Ann. § 23-2-423(c)(4) (Repl. 2002), which provides as follows:

> [Judicial] review shall not be extended further than to determine whether the commission's findings are supported by substantial evidence and whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violated any right of the petitioner under the laws or Constitution of the United States or of the State of Arkansas.

In addition, under Ark. Code Ann. § 23-2-423(a)(2) (Repl. 2002), "[n]o proceeding to review any order of the commission shall be brought by any party unless that party has made application to the commission for a rehearing on the order." The decision to grant or deny a petition for rehearing "is a matter resting largely with[in] the discretion of a regulatory agency in rate cases." *Southwestern Bell Tel. Co. v. Ark. Pub. Serv. Comm'n*, 267 Ark. 550, 556, 593 S.W.2d 434, 439 (1980).

AWG's argument in this case is premised on its contention that the Attorney General's and CEUG's notices of appeal should have been filed within thirty days of the date those parties' petitions for rehearing were deemed denied, which was no later than January 30, 2006. In support of its claim, AWG cites Ark. R. App. P. – Civ. 4(b)(1), which provides as follows:

---

[1] Although the applications for rehearing were deemed denied on different days, the thirtieth day from both deemed-denials fell on January 30, 2006. Thirty days from December 29, 2005, expired on January 28, 2006, a Saturday; the thirtieth day following December 30, 2005, was January 29, 2006, a Sunday. Thus, the thirty-day deadline fell on Monday, January 30, 2006. *See* Ark. R. Civ. P. 6(a) (2006).

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, *if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.*

(Emphasis added.)

AWG urges that Ark. Code Ann. § 23-2-422(d) (Repl. 2002) "clearly states that unless the Commission acts upon an application for rehearing within thirty days of its filing, the application shall be deemed denied." Thus, because § 23-2-422(d) requires action within thirty days, and because Rule 4(b)(1) requires a notice of appeal to be filed within thirty days of a deemed denial, AWG maintains that the Attorney General and CEUG filed their notices of appeal too late, and, as a result, the appellate courts never obtained jurisdiction.

AWG is correct that, generally speaking, a party's failure to timely file a notice of appeal deprives the appellate court of jurisdiction. *See, e.g., Jefferson v. Ark. Dep't of Human Servs.*, 356 Ark. 647, 158 S.W.3d 129 (2004); *Hawkins v. State Farm Fire & Cas. Co.*, 302 Ark. 582, 792 S.W.2d 307 (1990). However, the assertion of this general rule does not answer the question presented in the case before us — that is, whether the notices of appeal filed by the Attorney General and CEUG were, in fact, timely.

AWG maintains that the notices of appeal were not timely because "the requirements found in Rule 4(b)(1) of the Rules of Appellate Procedure – Civil . . . have . . . been interpreted to require strict (not substantial) compliance by the appellant in order to vest the appellate court with jurisdiction." AWG further asserts that Rule 4(b)(1) "provides that upon the filing of certain specified posttrial motions, the time for filing the notice of appeal shall be extended with the new deadline being thirty days after the entry of the order disposing of the last of such outstanding motions," and if the motion is deemed denied, the notice of appeal must be filed

within thirty days from that date. AWG then goes on to cite several cases decided under Rule 4(b)(1) and Ark. R. Civ. P. 59,[2] such as *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *McCoy v. Moore*, 338 Ark. 740, 1 S.W.3d 11 (1999); and *Office of Child Support Enforcement v. Offutt*, 61 Ark. App. 207, 966 S.W.2d 275 (1998). In each of these cases, the appellate court held that the appellants' notices of appeal were untimely because they had been filed past the expiration of thirty days from the date a posttrial motion had been deemed denied.

However, these cases are neither "analogous" nor "instructive," as AWG contends, because the holding in each of them turns upon an application of the Rules of Civil Procedure and the Rules of Appellate Procedure. The fundamental problem with AWG's argument is that the Commission is not bound by the Rules of Civil Procedure. *See Brandon v. Arkansas Western Gas Co.*, 76 Ark. App. 201, 212, 61 S.W.3d 193, 201 (2001) (noting that, while the Commission is not bound by the Rules, and although it may look to the Rules for guidance, it is not required to do so).[3] Thus, AWG's arguments, which are based entirely on the Rules of Civil Procedure, are not well taken.

In its brief, the PSC acknowledges that a *circuit court* loses jurisdiction when it does not grant a new trial or vacate a judgment within thirty days and that, under Rule 4(b)(1), a notice of appeal must be filed within thirty days of the motion being denied.[4]

---

[2] Rule 59, of course, provides that a motion for a new trial must be made within thirty days of the entry of judgment, and if the trial court "neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day." Rule 4(b)(1), then, requires the notice of appeal to be filed within thirty days of the deemed denial.

[3] In *Brandon v. Arkansas Public Service Commission*, 67 Ark. App. 140, 992 S.W.2d 834 (1999), the court of appeals (which has original jurisdiction of all appeals from the Public Service Commission, *see* Ark. Code Ann. § 23-2-423(a)(1) (Repl. 2002)) noted that it had "become more inclined to apply rules of civil procedure to administrative actions." *Brandon*, 67 Ark. App. at 151, 992 S.W.2d at 840 (citing *Bryant v. Ark. Pub. Serv. Comm'n*, 53 Ark. App. 114, 919 S.W.2d 522 (1996), in which the court of appeals noted that Rule 10.02(c) of the Commission Rules of Practice and Procedure is a reflection of the clear standard adopted in Arkansas courts that requires fact pleading and cited Rules 8(a)(1) and 12(b)(6) of the Arkansas Rules of Civil Procedure). However, the court of appeals has yet to specifically hold that the Rules of Civil Procedure are to be applied in proceedings before the Commission.

[4] This case obviously does not involve a motion for new trial or a motion to vacate a judgment.

However, the PSC notes, it is not bound by the Rules of Civil Procedure; rather, it is statutorily authorized to adopt its own rules of procedures in matters before it, *see* Ark. Code Ann. § 23-2-205 (Repl. 2002), and it has done so by adopting its Rules of Practice and Procedure.

The PSC further agrees that § 23-2-422(d) "does provide that an application for rehearing before the Commission shall be deemed denied if not acted upon within thirty days." *See also* Ark. Pub. Serv. Comm'n Rules of Practice & Procedure 3.16(a).[5] However, the PSC notes, neither § 23-2-422(d) nor Rule 3.16 provides that a notice of appeal must be filed within thirty days of the deemed-denied date. Rather, Ark. Code Ann. § 23-2-423(a)(1) provides the following:

> Any party to a proceeding before the Arkansas Public Service Commission aggrieved by an order issued by the commission in the proceeding may obtain a review of the order in the Arkansas Court of Appeals. The review of the order may be had by filing in that court, *within thirty (30) days after the order of the commission upon the application for rehearing or within thirty (30) days from the date the application is deemed to be denied as provided in § 23-2-422*, a notice of appeal stating the nature of the proceeding before the commission, identifying the order complained of and the reasons why the order is claimed to be unlawful, and praying that the order of the commission be modified, remanded, or set aside in whole or in part.

(Emphasis added.) As thoroughly discussed below, it is clear that the notice of appeal may be filed within thirty days of one of two dates: 1) the date on which the PSC enters an order upon the application for rehearing, *or* 2) the date on which the application is deemed denied.

Further, under Ark. Code Ann. § 23-2-423(c)(1) (Repl. 2002), the court of appeals does not gain jurisdiction of an appeal from the PSC until the notice of appeal is timely filed with the court: "Upon the filing of the petition, the court shall have original jurisdiction, which, upon the filing of the record with it, shall be exclusive, to affirm, modify, or set aside the order of the commission in whole or in part." Under the plain language of this statute, *the court of appeals does not acquire exclusive jurisdiction over an appeal from the PSC until the record has been lodged with the court. See*

---

[5] Rule 3.16(b) provides, in pertinent part, that, "[u]nless the Commission acts upon the application [for rehearing] within thirty (30) days after it is filed, such application shall be deemed to have been denied."

§ 23-2-423(c)(1). The logical conclusion to be drawn from this statutory language is that, until both the notice of appeal and the record have been filed with the court of appeals, the Commission retains jurisdiction over its cases.

In sum, the two crucial procedural aspects of appealing a PSC decision in this analysis are these: 1) a notice of appeal from a Commission decision must be filed *either* within thirty days after the order of the Commission upon the application for rehearing *or* within thirty days from the date the application is deemed to be denied as provided in § 23-2-422; and 2) the court of appeals does not obtain jurisdiction over a PSC appeal until the notice of appeal and record have been filed with the court of appeals.

In this case, the Attorney General and CEUG filed notices of appeal within thirty days of the date on which the PSC denied their applications for rehearing. Moreover, neither a notice of appeal nor a record had been lodged with the court of appeals prior to the date on which the PSC denied the applications for rehearing. Thus, contrary to AWG's argument that PSC Order No. 9 was a "nullity," the PSC retained jurisdiction over the case before it; having done so, the PSC clearly had the authority to enter both Order No. 9 on January 26, 2006, in which it granted rehearing for the purpose of further consideration of the Attorney General's and CEUG's arguments, and Order No. 10 on February 28, 2006, denying the applications for rehearing. AWG cites *Brown v. Arkansas Public Service Commission*, 17 Ark. App. 258, 707 S.W.2d 780 (1986) (per curiam), in support of its contention that the language in § 23-2-423(a) is mandatory and requires strict compliance before the appellate courts can be vested with jurisdiction. However, *Brown* is not on point. There, the appellants had attempted to appeal two Commission orders. The Browns had filed a notice of appeal from one order with the court of appeals even though they had not sought rehearing of a PSC order pursuant to what is now § 23-2-423(a)(2),[6] and they had filed their notice of appeal regarding the other order prior to a decision by the Commission on their petition for rehearing. The court of appeals dismissed the Browns' appeal, holding that the statutory language

---

[6] Section 23-2-423(a)(2) provides that "[n]o proceeding to review any order of the commission shall be brought by any party unless that party has made application to the commission for a rehearing on the order."

was "mandatory, and strict compliance with its provisions is necessary before any order of the Public Service Commission may be reviewed by this court." *Brown*, 17 Ark. App. at 259, 707 S.W.2d at 781.

This language actually undermines AWG's position. Here, the applications for rehearing were deemed denied on December 29 and 30, 2005. On January 26, 2006, prior to the expiration of the thirty days from those dates, the PSC still retained jurisdiction of this case; on that date, the PSC entered its Order No. 9, declaring that it had not intended to let the petitions for rehearing be deemed denied, and granting the Attorney General's and CEUG's applications for the PSC's further consideration. Had the Attorney General and CEUG proceeded to file their notices of appeal between January 26 and January 30 — that is, prior to the date on which the PSC denied their applications for rehearing — AWG could have sought dismissal of their appeals for lack of a final PSC order.[7]

Finally, we note that AWG was not prejudiced by the Commission's decision to temporarily grant the applications for rehearing before it ultimately denied them. This court, of course, will not reverse in the absence of prejudice. *See Campbell v. Entergy Arkansas, Inc.*, 363 Ark. 132, 211 S.W.3d 500 (2005) (a party cannot assign as error that which is not prejudicial to him; and harmless error, that is error unaccompanied by prejudice or injury, is not a ground for reversal). Thus, unless the appellant demonstrates prejudice accompanying error, we will not reverse. *Id.*

■ AWG has not alleged that it was prejudiced by the Commission's decision. AWG was granted a rate increase on October 31, 2005, when the Commission's decision took effect, and, according to the Attorney General's brief, AWG has been collecting that increased rate since that date. Under Ark. Code Ann. § 23-2-424(a)(1) (Repl. 2002), the filing of a petition for rehearing "shall not, unless specifically ordered by the . . . Commission, operate as a stay of the Commission's order[,]" nor

---

[7] The Attorney General further points out that, if an appeal had been taken at the time suggested by AWG, there would not have been a final order for appellate consideration, which would have violated the requirement that an aggrieved appellant's petition state "the reasons why the order is claimed to be unlawful." *See* Ark. Code Ann. § 23-2-423(a)(1). Without a final order, the "aggrieved party" would not know why, or even whether, the order harmed that party, and the party could not know the issues on which to bring an appeal.

shall the "commencement of proceedings under § 23-2-423 . . . operate as a stay of the commission's order." *See* § 23-2-424(a)(2). Accordingly, because AWG cannot demonstrate prejudice stemming from the PSC's decision to grant, then deny, the applications for rehearing, there is no basis for affording AWG the relief it requests.

This case was certified to us by the court of appeals for the sole purpose of addressing AWG's motion to dismiss the appeal. Having determined that the motion must be denied, we remand the case to the court of appeals for consideration of the merits of the appeal.